## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DESINAE WILLIAMS, ELISE HOWLAND, and THERESA HOLLIDAY, individually and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| EVENFLO COMPANY, INC. | Jury Trial Demanded |
| Defendant. | |

Plaintiffs Desinae Williams ("Williams"), Elise Howland ("Howland"), and Theresa Holliday ("Holliday"), by and through their undersigned counsel, individually and on behalf of all others similarly situated, upon personal knowledge, information, and belief, and based upon the investigation of their counsel, allege as follows:

### NATURE OF THE ACTION

1.      This is a consumer class action against Evenflo Company, Inc. ("Evenflo"), which manufactures and sells a wide range of products for parents and small children, including strollers, high chairs, bottles, breast pumps, and infant carriers, among others. Evenflo is also a major player in the highly-competitive child car seat market.

2.      It is well-known that safety is the most important factor parents and other buyers rely on in making car seat purchases for children. Evenflo preyed upon these safety-conscious consumers, prominently claiming at all relevant times that "Safety is our #1 priority" with its car seats and by presenting itself as a producer of "safe" children's products. Indeed, when Evenflo

launched its redesigned Big Kid Booster Car Seat line of booster seats in 2008, it touted these products as a major advancement in child safety.

3.     In a predatory effort to compete with Graco and other rivals in the child car seat market, Evenflo labeled and advertised its Big Kid Booster Car Seats as "side impact tested," safe for children weighing as little as 30 pounds, and "the best way to minimize injuries to your child" in a crash. Evenflo further represented that its Big Kid Booster Car Seats would "greatly reduce the risk of serious injuries to your child in a crash," and that the car seats "meet[] or exceed[] all applicable federal safety standards and Evenflo's side impact standards." Evenflo reaped the financial rewards of this ploy, selling over 18 million Big Kid Booster Car Seats and solidifying itself as a recognized name in the booster seat market. Its Big Kid Booster Car Seats are one of the best-selling booster seat models in the United States, and are available for purchase at many retailers nationwide, including Walmart, Target, Kohl's, and Buy Buy Baby, as well as online through Evenflo's website, Amazon, and others.

4.     As recently publicly revealed, however, these representations were knowingly false and otherwise materially misleading, with Evenflo substantially prioritizing profits over child safety. Disturbing videos from Evenflo's own purported side impact collision testing showing child-sized crash dummies thrown far out of their shoulder belts and other secret internal documents and deposition testimony from Evenflo personnel and others in personal injury lawsuits involving Evenflo's Big Kid Booster Car Seats unequivocally confirmed the dire truth: Big Kid Booster Car Seats place children at unnecessary risk of severe injury or death in side-impact collisions and are unsafe, for all purposes, for children weighing less than 40 pounds. Thus, Evenflo's safety representations on the Big Kid Booster Car Seats are meaningless.

5.     Since at least 2012, Evenflo buried these facts and actively concealed from parents and other Big Kid Booster Car Seat purchasers these known safety risks, breaching the trust of Williams, Howland, Holliday, and millions of other consumers through Evenflo's deceptive marketing and advertising practices. Had Evenflo disclosed the truth and the results of its side-impact testing to the public, no consumer, parent, or family member—including Williams, Howland, and Holliday —would have purchased a Big Kid Booster Car Seat.

6.     Plaintiffs Williams, Howland, and Holliday, and all members of the classes defined herein, have been injured by Evenflo's unlawful conduct. In this action, Plaintiffs seek damages, restitution, and other equitable relief on behalf of themselves and all others similarly situated, as well as injunctive relief to put a stop to Evenflo's continuing wrongful acts.

## PARTIES

7.     Plaintiff Williams is a California citizen residing in Mojave, California. In 2018, Williams purchased an Evenflo Big Kid Booster Car Seat for her son at a Target store located in California. Evenflo's affirmative representations concerning the Big Kid Booster Car Seat's supposed safety and quality were material to Williams, and she relied on those representations in connection with her purchase. Williams further believed Evenflo was a trusted brand and that its Big Kid Booster Car Seat would provide protection from side-impact collisions. Had Williams known the true nature of the Big Kid Booster Car Seats and the significant safety risks posed by using this product, she would not have purchased an Evenflo Big Kid Booster Car Seat and instead would have purchased one of the many safer available car seat alternatives for her child. Williams is a member of certain of the classes defined herein. Williams remains interested in purchasing a safe Evenflo Big Kid Booster Car Seat and would consider this product in the

future if Evenflo provided a product that met all applicable safety standards and recommendations.

8. Plaintiff Howland is an Illinois citizen residing in Beecher City, Illinois. Howland previously resided in California. In approximately 2014, when she resided in California, Howland purchased an Evenflo Big Kid Booster Car Seat at a Walmart store located in San Diego, California. Evenflo's affirmative representations concerning the Big Kid Booster Car Seat's supposed safety and quality were material to Howland, and she relied on those representations in connection with her purchase. Howland further believed Evenflo was a trusted brand and that its Big Kid Booster Car Seat would provide protection from side-impact collisions. Had Howland known the true nature of the Big Kid Booster Car Seats and the significant safety risks posed by using this product, she would not have purchased an Evenflo Big Kid Booster Car Seat and instead would have purchased one of the many safer available car seat alternatives for her child. Howland is a member of certain of the classes defined herein. Howland remains interested in purchasing a safe Evenflo Big Kid Booster Car Seat and would consider this product in the future if Evenflo provided a product that met all applicable safety standards and recommendations.

9. Plaintiff Holliday is a Michigan citizen residing in Detroit, Michigan. In late 2019, Holliday purchased an Evenflo Big Kid Booster Car Seat for her daughter at a Walmart store located in Michigan. Evenflo's affirmative representations concerning the Big Kid Booster Car Seat's supposed safety and quality were material to Holliday, and she relied on those representations in connection with her purchase. Holliday further believed Evenflo was a trusted brand and that, based on the product's listed weight specifications, the Big Kid Booster Car Seat was suitable for use by her daughter, who weighed less than 40 pounds at the time. Had Holliday

known the true nature of the Big Kid Booster Car Seats and the significant safety risks posed by using this product, she would not have purchased an Evenflo Big Kid Booster Car Seat and instead would have purchased one of the many safer available car seat alternatives for her child. Holliday is a member of one of the classes defined herein. Holliday remains interested in purchasing a safe Evenflo Big Kid Booster Car Seat and would consider this product in the future if Evenflo provided a product that met all applicable safety standards and recommendations.

10.    Defendant Evenflo is a Delaware corporation with its principal place of business in Canton, Massachusetts. Following its acquisition in June 2014, Evenflo is a wholly owned subsidiary of Goodbaby International Holdings Limited. Evenflo manufactures, distributes, and sells car seats, infant strollers, and other baby-related products throughout Massachusetts and the United States.

**JURISDICTION AND VENUE**

11.    This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because there are at least 100 members of the proposed classes, at least one class member is a citizen of a state other than that of Defendant, and the aggregate amount in controversy exceeds $5,000,000, exclusive of costs and interest.

12.    This Court has personal jurisdiction over Evenflo pursuant to 18 U.S.C. § 1965(a) because Evenflo resides, is found, has an agent, and regularly transacts its affairs in this District.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Evenflo maintains an office in this District, conducts substantial business in this District, has intentionally availed itself of the laws and markets of this District, and is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

**Evenflo's Development and Marketing of the Big Kid Booster Car Seats**

14.     Since 1995, Evenflo has manufactured, marketed, and sold children's car seats and is currently one of the largest sellers of children's booster seats in the United States. Its Big Kid Booster Car Seat line is a top-selling booster seat in the United States.

15.     In the early 2000s, in response to several states enacting laws requiring school-aged children to be better protected while riding in cars, companies like Evenflo began selling booster seats that elevated children in these seats so that regular seat belts fit more securely. These forward-facing booster seats quickly became popular and were generally promoted as safety device seats for young children too big for an infant car seat, yet still too small or too young to properly fit or to securely stay in an adult seat belt.

16.     Thereafter, however, Evenflo began to lose out on the booming booster seat segment. In response, it designed the Big Kid Booster Car Seats with goal of "regaining control in the market" from its rival Graco, according to internal Evenflo records. In furtherance of this plan, Evenflo initially priced its Big Kid Booster Car Seat $10 less than Graco's comparable booster seat and marketed Big Kid Booster Car Seats as safe for babies as young as 1 year old with a minimum weight of 30 pounds and no minimum height. Internally, Evenflo called the Big Kid Booster Car Seat "the reliable workhorse in the Evenflo platform stable." Evenflo's engineers would later concede that 1-year old children do not belong in Big Kid Booster Car Seats. Eventually, in 2007, Evenflo upped the Big Kid Booster Car Seat minimum age to 3.

17.     When Graco's popular TurboBooster children's booster seat continued to outsell the Big Kid Booster Car Seat in 2008, Evenflo decided to remodel the Big Kid Booster Car Seat to give the boosters "increased perceived side protection." Evenflo did so by adding side

wings—curved extensions that protruded from the Big Kid Booster Car Seat backrest. However, as discussed below, the redesigned Big Kid Booster Car Seat (now, with side wings) fared no better from a safety perspective than the prior version.

18.     On all Big Kid Booster Car Seats boxes, Evenflo prominently represents that "SAFETY IS OUR #1 PRIORITY" and that these car seats are "Side Impact Tested: Meets or exceeds all applicable federal safety standards and Evenflo's side impact standards." The booster seats themselves each include a tab stitched onto the product reaffirming that the Big Kid Booster Car Seats are "side impact tested," as depicted below:



19.     On its website, Evenflo additionally claims that its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards." This marketing, advertising, and labeling represents and otherwise implies to ordinary consumers that Evenflo's Big Kid Booster Car Seats have been tested and found to meet federal safety standards for side impact testing. In reality, however, neither the National Highway Transportation Safety Administration nor any other federal agency or body has any required test for side impact collisions for child car seats or boosters. Although Congress passed a law nearly 20 years ago requiring federal agencies implement such rules,

regulators never acted to adopt side-impact standards. The only current government-issued standard crash test involves simulated head-on collisions—not side-impact collisions. Consequently, the purported "tests" which Evenflo subjected the Big Kid Booster Car Seats to were entirely meaningless, as described below.

20.    Up until approximately February 2020, Evenflo marketed, advertised, and promoted its Big Kid Booster Car Seats as intended for children weighing between 30 and 110 pounds, as depicted on the Big Kid Booster Car Seat box below:



21.    The same minimum weight is listed directly on the seat in several places and in the owner's manual Evenflo includes with the booster seat.

22.    As recently as July 2019, Evenflo's website similarly represented that its Big Kid Booster Car Seats were safe for children as small as 30 pounds, as reflected below:



23.     Side-impact protection is incredibly important to parents and other purchasers of child car seats. In 2018, side-impact crashes accounted for more than 25% of fatalities in automobile collisions of children under 15. Though less common than head-on crashes, side-impact collisions are more likely to result in serious harm—including traumatic brain injuries, spinal injuries, and atlanto-occipital dislocation (or "AOD"), which occurs when the ligaments attached to the spine are severed (sometimes referred to as "internal decapitation").

**_ProPublica_ Exposes Evenflo's Fraud and Wrongful Conduct**

24.     On February 6, 2020, _ProPublica_ published an in-depth article revealing that—for years—Evenflo knew that its Big Kid Booster Car Seats were unsafe for use by all children, with children weighing less than 40 pounds placed at additional risk. _ProPublica_ reported that Evenflo was directly aware of these extreme safety risks since at least February 2012, but in the interests of maintaining a competitive position in the booster seat market, decided to continue

touting the wholly-unsupported safety of its Big Kid Booster Car Seats and promoting these booster seats as suitable for children under 40 pounds.

25.    In this February 2020 report, *ProPublica* stated that top Evenflo safety engineer Eric Dahle recommended to Evenflo's "high-ranking executives" in February 2012 to stop marketing the Big Kid Booster Car Seats for children under 40 pounds or under 4 years old, citing comprehensive government research that these children would be safer in car seats using multi-point harnesses to hold their small bodies safely in place and disperse crash forces. He explained, "Keeping the seat at 30 lbs encourages parents to transition them earlier because they can, and the booster is a less expensive option [than a harnessed seat]." This change would have aligned the Big Kid Booster Car Seat with minimum safety recommendations from the American Academy of Pediatrics and Canadian regulations. Evenflo's booster seats had already been recalled 3 times in Canada, most recently in 2012, for labeling these seats as suitable for children less than 40 pounds. In Canada, Evenflo tells parents and other purchasers in bold capital letters that children less than 40 pounds risk "SERIOUS INJURY or DEATH" using a Big Kid Booster Car Seat.

26.    Mr. Dahle's safety recommendation was "vetoed." When Mr. Dahle further pressed the issue later in 2012, Evenflo vice president of marketing and product development McKay Featherstone again shot down Mr. Dahle, expressing his exasperation in an email, stating, "Why are we even talking about this?" Mr. Featherstone added, "I have looked at 40 lbs for the US numerous times and will not approve this." Later, in a "corporate decision," Evenflo raised the minimum age to 4 but still said (and continues to say) that the Big Kid Booster Car Seat is safe for kids weighing as little as 30 pounds. Even after Evenflo increased the seat's

minimum age to 4, many of the Big Kid Booster Car Seat boxes only provided weight and height guidelines, leaving kids under 4 years old at significant risk.

27.     As *ProPublica* reported, Evenflo's decision to maintain the 30-pound weight minimum was emblematic of how the company's corporate culture and decision-making prioritized profits and remaining competitive with its rival Graco, all at the expense of children's safety.

28.     Consistent with Evenflo's focus on providing the mere *perception* of safety, it affirmatively portrays its Big Kid Booster Car Seats as well-suited for side-impact crashes when, in fact, they are not. Instead, Evenflo's own secret testing and videos revealed that when child-sized crash dummies seated in Big Kid Booster Car Seats are subjected to the forces of a T-bone side impact collision, they are thrown out of the shoulder belts—placing children in grave danger for catastrophic physical injuries and even death.

29.     Seeking to disavow Evenflo's many affirmative safety representations, Evenflo engineer David Sander testified in a 2016 deposition involving a separate negligence case concerning the Big Kid Booster Car Seat that, "We side-impact test our seats, but I don't think we say that we offer any type of side-impact protection."

30.     Contrary to Evenflo's representations, its internal testing was anything but stringent or "rigorous." Instead, Evenflo made up its own side-impact collision test and then handed itself passing grades and kept the results hidden from public view. The bar for "passing" Evenflo's side-impact testing is so incredibly low that there are only two ways to fail: (i) if a child-sized crash dummy ends up on the floor; or (ii) the Big Kid Booster Car Seat itself breaks apart. The following video stills are from a side-impact crashes involving a Big Kid Booster Car Seat that Evenflo remarkably gave "passing" grades to:









31.    While the purpose of a seat belt is to distribute the crash forces over the strong bones of the body—the shoulders and hips—these Big Kid Booster Car Seat crash test videos instead showed the seat belt slipped off the crash test dummy's shoulder and onto the softer abdomen and ribs area, with the dummy's head and torso flailing far outside the seat. In real life, this could cause internal organ damage, paralysis, brain damage, other severe trauma, and even death, as Mr. Dahle admitted in a 2019 deposition.

32.    While Evenflo's later addition of "side wings" may have successfully "increased *perceived* side protection" (emphasis added) of the Big Kid Booster Car Seat, actual safety remained unchanged, as evidenced by Evenflo's internal testing and videos. Instead, crash-test dummies in the redesigned Big Kid Booster Car Seat were just as prone to lurching far outside the seat, with their belts slipping off their shoulders and exposing children in side-impact crashes to severe head, neck, and spine injuries, as depicted below:

**BIG KID BOOSTER SEAT**
Model 338 — No Side Wings



**BIG KID BOOSTER SEAT**
Model 309 — With Side Wings



33.     Despite these admitted and severe risks, in an effort to make more profits, Evenflo continued to falsely and misleadingly represent to parents and other consumers, including Plaintiffs and the classes defined below, that the Big Kid Booster Car Seats were safe and met all applicable safety standards.

34.     Evenflo finally raised some of the Big Kid Booster Car Seat line's weight minimums to 40 pounds in May 2016, but never told its customers whose kids were already using Big Kid Booster Car Seats that these seats were unsafe for children under this weight threshold.

**Evenflo's Deceptive Practices and Wrongful Conduct Continue to Harm Consumers**

35.     Millions of parents and other consumers were duped into purchasing Evenflo's Big Kid Booster Car Seats based on its material misrepresentations and omissions portraying these car seats as safe.

36.     To this day, these purchasers continue to unwittingly risk their children's safety and well-being due to Evenflo's wrongful conduct and acts, as Evenflo has not recalled the Big

Kid Booster Car Seats, nor issued suitable warnings to users or corrected its false and misleading marketing claims.

37.    On February 12, 2020, in response to the *ProPublica* report, the U.S. House of Representatives' Subcommittee on Economic and Consumer Policy opened an investigation into Evenflo's marketing and promotion of Big Kid Booster Car Seats.

38.    Evenflo has profited and continues to profit from its false and misleading marketing and omissions by selling more Big Kid Booster Car Seats than it would have otherwise, and at higher prices than it would be able to sell them had the truth been properly disclosed.

## TOLLING OF THE STATUTE OF LIMITATIONS

39.    For many years, Evenflo has had actual knowledge that the marketing, packaging, and labeling of its Big Kid Booster Car Seats was false, deceptive, and misleading because Evenflo's own internal and undisclosed side-impact tests confirm that these car seats pose serious safety risks to children, there are no government-issued side-impact safety standards that the Big Kid Booster Car Seats could meet or exceed, and Evenflo's internal side-impact standards and testing are illusory and not based on science or safety.

**Discovery Rule Tolling**

40.    Williams, Howland, Holliday, and the other class members did not discover, and did not know of, facts that would have caused a reasonable person to suspect that Evenflo's Big Kid Booster Car Seats were and are unsafe in side-impact crash tests, or that Evenflo's marketing of these products as "side impact tested" was false or misleading. The information revealing Big Kid Booster Car Seats to be unsafe was solely in Evenflo's possession, and was not known to the public until February 6, 2020, when *ProPublica* published the report discussed herein. Prior to

this time, Williams, Howland, Holliday, and members of the proposed classes could not have discovered through the exercise of reasonable diligence that Evenflo's Big Kid Booster Car Seats were and are unsafe in side-impact crash tests or the true extent of Evenflo's deception with regard to the safety of its Big Kid Booster Car Seats. Accordingly, the claims of Williams, Howland, Holliday, and members of the proposed classes accrued upon discovery of the facts described above, tolling any applicable statutes of limitations.

**Fraudulent Concealment Tolling**

41.    All applicable statutes of limitation have also been tolled by way of Evenflo's active, knowing, and fraudulent concealment of the facts set forth above throughout the relevant time period.

42.    Rather than disclose to Williams, Howland, Holliday, consumers, and the other members of classes that its own side-impact collision testing confirmed that children using Evenflo Big Kid Booster Car Seats are at risk of serious injury or death, Evenflo continued to manufacture, market, and sell these car seats without disclosing this material information, affirmatively representing its Big Kid Booster Car Seats as "side-impact tested."

**Estoppel**

43.    At all times relevant to this action, Evenflo was under a continuous duty to disclose to Williams, Howland, Holliday, consumers, and the other members of the classes the risks of placing children in its Big Kid Booster Car Seats.

44.    Evenflo knowingly, affirmatively, and actively concealed or recklessly disregarded the true risks posed to children by placing them in these seats, and meanwhile affirmatively misrepresented them as "side-impact tested."

45.     Based on the foregoing, Evenflo is estopped from relying on any statutes of limitations in defense of the allegations raised in this action.

## CLASS ACTION ALLEGATIONS

46.     Williams and Howland bring this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of themselves and a class of similarly situated individuals defined as follows:

> All persons who purchased a Big Kid Booster Car Seat in the State of California between 2008 and the present (the "California Class").

47.     Within the California Class, there is one subclass for purposes of Williams's and Howland's claims under California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, defined as follows:

> All persons who purchased a Big Kid Booster Car Seat in the State of California for personal, family, or household purposes between 2008 and the present (the "California Subclass").

48.     Holliday brings this this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of herself and a class of similarly situated individuals defined as follows:

> All persons who purchased a Big Kid Booster Car Seat in the State of Michigan between 2008 and the present (the "Michigan Class").

49.     Excluded from the classes are governmental entities, Evenflo, any entity in which Evenflo has a controlling interest, and Evenflo's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the classes are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. Williams, Howland, and Holliday reserve the right to amend the California Class, California Subclass, and Michigan Class definitions or add a class (or classes) if further information or discovery indicates that these class definitions should be narrowed, expanded, or otherwise modified. This action is brought and may be

properly maintained as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

50.     ***Numerosity Under Rule 23(a)(1).*** The classes are so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all class members in a single action will provide substantial benefits to the parties and the Court. Evenflo has sold over 18 million Big Kid Booster Car Seats, including a substantial number in California and Michigan. Williams, Howland, and Holliday, on information and belief, allege that the classes include at least thousands of persons. Class members are identifiable from information and records within the possession of Evenflo and third-party merchants like Amazon, Target, Walmart, and others. Class members may be notified of the pendency of this action by recognized Court-approved notice dissemination methods, including U.S. mail, email, Internet postings, and/or published notice.

51.     ***Commonality Under Rule 23(a)(2).*** Common legal and factual questions exist that predominate over any questions affecting only individual members. These common questions, which do not vary among class members and which may be determined without reference to any class member's individual circumstances, include, but are not limited to:

      a.     Whether the Big Kid Booster Car Seats sold to class members are unsafe in side-impact crashes;

      b.     Whether Evenflo knew or reasonably should have known that Big Kid Booster Car Seats sold to class members were unsafe in side-impact crashes;

c.     Whether the Big Kid Booster Car Seats sold to class members were suitable for any purpose for children weighing less than 40 pounds;

d.     Whether Evenflo knew or reasonably should have known that Big Kid Booster Car Seats sold to class members were not suitable for any purpose for children weighing less than 40 pounds;

e.     Whether the Big Kid Booster Car Seat is of the same quality as those booster seats and other child safety devices generally acceptable in the market;

f.     Whether the Big Kid Booster Car Seat is fit for the ordinary purposes for which the goods are used;

g.     Whether the Big Kid Booster Car Seat was adequately contained, packaged, and labeled;

h.     Whether Evenflo breached its implied warranty of merchantability;

i.     Whether Evenflo represented that the Big Kid Booster Car Seat has characteristics, uses, or benefits that it does not have;

j.     Whether Evenflo represented that the Big Kid Booster Car Seat is of a particular standard, quality, or grade when it is of another;

k.     Whether Evenflo knowingly omitted or failed to disclose material information in connection with the marketing, promotion, and sale of Big Kid Booster Car Seats;

l.     Whether Evenflo's representations and omissions regarding the Big Kid Booster Car Seat were deceptive, false, and/or misleading and constitute false advertising;

m. Whether Evenflo's representations and omissions in Big Kid Booster Car Seat advertising, specifications, and/or informational materials are likely to deceive a reasonable consumer;

n. Whether Evenflo engaged in unlawful, fraudulent, or unfair business practices;

o. Whether Evenflo's conduct in connection with the foregoing alleged acts was knowing and willful;

p. Whether Williams, Howland, Holliday, and the California Class, California Subclass, and Michigan Class have been damaged by the wrongs alleged herein and are entitled to monetary relief, including actual, compensatory, statutory, exemplary, treble, and/or punitive damages; and

q. Whether Williams, Howland, Holliday, and the California Class, California Subclass, and Michigan Class are entitled to injunctive or other equitable relief, including restitution.

52. Each of these common questions is also susceptible to a common answer that is capable of class-wide resolution and will resolve an issue central to the validity of the claims.

53. ***Typicality Under Rule 23(a)(3).*** Williams's, Howland's, and Holliday's claims are typical of the class members' claims. Evenflo's course of conduct caused Williams, Howland, Holliday, and the class members the same harm, damages, and losses as a result of Evenflo's uniformly unlawful conduct. Likewise, Williams, Howland, Holliday, and other class members must prove the same facts in order to establish the same claims.

54. ***Adequacy of Representation Under Rule 23(a)(4).*** Williams, Howland, and Holliday are adequate representatives of the and the California Class, California Subclass, and

Michigan Class because they are members of the classes and their interests do not conflict with the interests of the defined classes. Williams, Howland, and Holliday retained counsel competent and experienced in complex litigation and consumer protection class action matters such as this action, and Williams, Howland, Holliday, and their counsel intend to vigorously prosecute this action for the benefit of the California Class, California Subclass, and Michigan Class, and have the resources to do so. Williams, Howland, Holliday, and their counsel have no interests adverse to those of the other members of the California Class, California Subclass, or Michigan Class.

55.    ***Predominance and Superiority***. The California Class, California Subclass, and Michigan Class can be properly maintained because the above common questions of law and fact predominate over any questions affecting individual class members. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each class member's claim is impracticable. The damages, harm, and losses suffered by the individual members of the classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Evenflo's wrongful conduct. Even if each class member could afford individual litigation, the Court system could not. It would be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

56.     As a result of the foregoing, class treatment is appropriate.

**FIRST CLAIM FOR RELIEF**
**Violations of the California Consumer Legal Remedies Act**
**Cal. Civ. Code §§ 1750, *et seq.***
*On Behalf of Plaintiffs Williams and Howland and the California Subclass*

57.     Williams and Howland, individually and on behalf of the California Subclass, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

58.     Williams and Howland bring this claim individually and on behalf of the California Subclass against Evenflo.

59.     Evenflo is a "person" under Cal. Civ. Code § 1761(c).

60.     Williams, Howland, and the California Subclass members are "consumers" as defined by Cal. Civ. Code § 1761(d), who purchased one or more Big Kid Booster Car Seats.

61.     California's Consumer Legal Remedies Act ("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer[.]" Cal. Civ. Code § 1770(a). Evenflo has engaged in unfair or deceptive acts that violated Cal. Civ. Code §§ 1750, *et seq.*, as described above and below, by representing that Big Kid Booster Car Seats had characteristics, uses, benefits, and qualities which they do not have; representing that Big Kid Booster Car Seats are of a particular standard, quality, and grade when they are not; advertising Big Kid Booster Car Seats with the intent not to sell them as advertised; and representing that the subject of a transaction involving Big Kid Booster Car Seats has been supplied in accordance with a previous representation when it has not.

62.     In connection with its sale of Big Kid Booster Car Seats to Williams, Howland, and the California Subclass, Evenflo violated the CLRA by:

a.      Misrepresenting to Williams, Howland, and the California Subclass that the Big Kid Booster Car Seats were "side impact tested" and provided side-impact protection without revealing that its own tests showed that a child in its Big Kid Booster Car Seats could be in grave danger in such a crash, in violation of Cal. Civ. Code §§ 1770(a)(5), (7), (9), and (16);

b.      Misrepresenting to Williams, Howland, and the California Subclass that Evenflo's "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards," when Evenflo's tests were less rigorous than and not comparable to federal government side-impact tests, in violation of Cal. Civ. Code §§ 1770(a)(5), (7), (9), and (16);

c.      Misrepresenting to Williams, Howland, and the California Subclass that the Big Kid Booster Car Seats were safe and that using this product was "the best way to minimize injuries to your child," in violation of Cal. Civ. Code §§ 1770(a)(5), (7), (9), and (16);

d.      Misrepresenting to Williams, Howland, and the California Subclass that Evenflo's Big Kid Booster Car Seats had characteristics, uses, and benefits that they did not have, in violation of Cal. Civ. Code § 1770(a)(5);

e.      Representing to Williams, Howland, and the California Subclass that the Big Kid Booster Car Seats were of a particular standard, quality, or grade, when they were of another, in violation of Cal. Civ. Code § 1770(a)(7);

f.    Advertising goods to Williams, Howland, and the California Subclass with the intent not to sell them as advertised, in violation of Cal. Civ. Code § 1770(a)(9); and

g.    Misrepresenting to Williams, Howland, and the California Subclass that the subject of a transaction had been supplied in accordance with a previous representation when it had not, in violation of Cal. Civ. Code § 1770(a)(16).

63.    In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

64.    Evenflo had a duty to disclose to Williams, Howland, and the California Subclass the risk of a serious, catastrophic injury to children using Big Kid Booster Car Seats in the event of a side-impact collision for the following three independent reasons: (a) at the time of sale, Evenflo had exclusive knowledge of the defects rendering the Big Kid Booster Car Seats inherently more dangerous than was represented to consumers; (b) Evenflo actively and intentionally concealed from Williams, Howland, and the California Subclass the hazards of using Big Kid Booster Car Seats through its deceptive marketing, advertising, and representations; and (c) Evenflo made partial representations to Williams, Howland, and the California Subclass about the safety of the Big Kid Booster Car Seats while purposefully withholding material facts from Williams, Howland, and the California Subclass that contradicted these representations.

24

65.     Evenflo violated the CLRA by selling defective and unsafe Big Kid Booster Car Seats and by further concealing these defects and hazards from Williams, Howland, and the California Subclass.

66.     Evenflo's misrepresentations and omissions in violation of the CLRA were likely to mislead an ordinary consumer. Williams, Howland, and members of the California Subclass reasonably understood Evenflo's representations and omissions to mean that the Big Kid Booster Car Seats were "side impact tested" and provided suitable side-impact protection.

67.     Evenflo's misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

68.     Williams, Howland, and members of the California Subclass relied to their detriment on Evenflo's misrepresentations and omissions in purchasing the Big Kid Booster Car Seats.

69.     Williams and Howland, on behalf of themselves and the California Subclass, demand judgment against Evenflo under the CLRA for injunctive relief.

70.     Pursuant to Cal. Civ. Code § 1782(a), Williams and Howland will serve Evenflo with notice of its alleged violations of the CLRA by certified mail return receipt requested. If, within 30 days after the date of such notification, Evenflo fails to provide appropriate relief for its violations of the CLRA, Williams and Howland will amend this Class Action Complaint to seek monetary damages under the CLRA.

71.     Notwithstanding any other statements in this Class Action Complaint, Williams and Howland do not presently seek monetary damages in connection with their CLRA claims—and will not do so—until the applicable 30-day period has passed.

## SECOND CLAIM FOR RELIEF
### Violations of the California False Advertising Law
### Cal. Bus. & Prof. Code §§ 17500, *et seq.*
### *On Behalf of Plaintiffs Williams and Howland and the California Class*

72.     Williams and Howland, individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

73.     Williams and Howland bring this claim individually and on behalf of the California Class against Evenflo.

74.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." Cal. Bus. & Prof. Code § 17500.

75.     Williams and Howland, individually and on behalf of the California Class, have standing to pursue this claim because they suffered injury in fact and lost money or property as a result of Evenflo's actions, as described above.

76.     Evenflo engaged in advertising and marketing to the public and offered for sale the Big Kid Booster Car Seats in California.

77.     Evenflo engaged in the advertising and marketing representations alleged herein with the intent to directly or indirectly induce the sale of the Big Kid Booster Car Seats to consumers like Williams, Howland, and members of the California Class.

78.     Evenflo's advertising and marketing representations regarding the Big Kid Booster Car Seats were false, misleading, and deceptive within the definition, meaning, and construction of Cal. Bus. & Prof. Code §§ 17500, *et seq.* (False Advertising Law). Evenflo also concealed the material information from consumers that the Big Kid Booster Car Seats were unsafe for side-impact collisions.

79.     Evenflo's misrepresentations and omissions alleged herein deceive or have the tendency to deceive the general public regarding the safety of the Big Kid Booster Car Seats for ordinary consumer use.

80.     Evenflo's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

81.     Evenflo's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

82.     At the time it made the misrepresentations and omissions alleged herein, Evenflo knew or should have known that they were untrue or misleading and acted in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

83.     Unless restrained by this Court, Evenflo will continue to engage in untrue and misleading advertising, as alleged above, in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

84.     As a result of Evenflo's conduct and actions, Williams, Howland, and each member of the California Class has been injured, has lost money or property, and is entitled to relief. Williams and Howland seek disgorgement, restitution, injunctive relief, and all other relief permitted under Cal. Bus. & Prof. Code §§ 17500, *et seq.*

### THIRD CLAIM FOR RELIEF
### Violations of the California Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### *On Behalf of Plaintiffs Williams and Howland and the California Class*

85.     Williams and Howland, individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

86.     Williams and Howland bring this claim individually and on behalf of the California Class against Evenflo.

87.     Williams and Howland have standing to pursue this claim because they suffered injury in fact and lost money or property as a result of Evenflo's actions as described above. All members of the California Class have incurred actual damages because had they known the truth about the Big Kid Booster Car Seats, they would not have purchased them or paid as much for these products.

88.     Evenflo's actions as alleged herein constitute an "unlawful" practice within the definition, meaning, and construction of California's Unfair Competition Law ("UCL") because Evenflo violated California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*) and the CLRA (Cal. Civ. Code §§ 1750, *et seq.*).

89.     Evenflo's actions as alleged herein constitute a "fraudulent" practice because, by representing that the Big Kid Booster Car Seats were suitable for children weighing as little as 30 pounds and that the products were "side impact tested" and provided side-impact collision protection—but concealing that the Big Kid Booster Car Seats were unsafe for any purpose for children weighing less than 40 pounds and that Evenflo's internal tests showed that a child in its Big Kid Booster Car Seats could be in grave danger in such a crash—Evenflo's conduct was likely to deceive consumers. Evenflo's failure to disclose this information constitutes a material omission in violation of the UCL.

90.     Evenflo's actions as alleged herein constitute an "unfair" practice because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Evenflo's customers. The harm caused by Evenflo's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial

injury to Williams, Howland, and the California Class. Evenflo could and should have chosen one of many reasonably available alternatives, including not selling the Big Kid Booster Car Seats, disclosing to prospective buyers that these products were not suitable for use by children weighing less than 40 pounds for any purpose and that Evenflo's own testing showed that child in the Big Kid Booster Car Seats could be in grave danger in a side-impact collision, and/or not representing that the Big Kid Booster Car Seats were suitable for consumer use. Additionally, Evenflo's conduct was "unfair" because it violated the legislatively declared policies reflected by California's strong consumer protection, consumer warranty, and false advertising laws, including the CLRA and False Advertising Law.

91.    As a result of Evenflo's unlawful, fraudulent, and unfair conduct, Williams, Howland, and the California Class received an inferior product to the product which they were promised. Had Evenflo disclosed the aforementioned material facts concerning the Big Kid Booster Car Seat, Williams, Howland, and the California Class would not have purchased these products or would have paid substantially less.

92.    Evenflo's wrongful business practices constitute a continuing course of unfair competition because Evenflo continues to represent that the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds and that the products are "side impact tested" and provide side-impact collision protection. Williams, Howland, and the California Class therefore seek equitable relief to remedy Evenflo's deceptive marketing, advertising, and packaging and to recall all Big Kid Booster Car Seats.

93.    Williams, Howland, and the California Class also seek an order requiring Evenflo to make full restitution of all monies that it has wrongfully obtained from California Class members, as well as all other relief permitted under the UCL.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranties**
**Cal. Com. Code § 2313**
***On Behalf of Plaintiffs Williams and Howland and the California Class***

94.    Williams and Howland, individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

95.    Williams and Howland bring this claim individually and on behalf of the California Class against Evenflo.

96.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under Cal. Com. Code § 2104(1), and a "seller" of such car seats under Cal. Com. Code § 2105(1).

97.    The Evenflo Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of Cal. Com. Code § 2105(1).

98.    Evenflo expressly warrants and represents in its marketing, specifications, and informational materials that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

99.    These material warranties and representations formed a basis of the bargain that was breached when Williams, Howland, and the California Class members purchased Evenflo's Big Kid Booster Car Seats.

100.    In fact, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

101.    As a direct and proximate result of Evenflo's breach of express warranties in violation of Cal. Com. Code § 2313, Williams, Howland, and the other California Class members have been damaged in an amount to be determined at trial.

102.    Williams, Howland, and the California Class did not need to send notice to Evenflo of its breaches of its express warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**Cal. Com. Code § 2314**
***On Behalf of Plaintiffs Williams and Howland and the California Class***

103.    Williams and Howland, individually and on behalf of the California Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

104.    Williams and Howland bring this claim individually and on behalf of the California Class against Evenflo.

105.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under Cal. Com. Code § 2104(1), and a "seller" of such car seats under Cal. Com. Code § 2105(1).

106.    The Evenflo Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of Cal. Com. Code § 2105(1).

107.    A warranty that the Evenflo Big Kid Booster Car Seats were in merchantable condition and fit for the ordinary purpose for which children's car seats are used is implied by law pursuant to Cal. Com. Code § 2314. Evenflo's implied warranties included that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and that they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

108.    The Big Kid Booster Car Seats, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which children's car safety seats are used. Specifically, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

109.    Prior to purchase, Williams, Howland, and California Class members could not have discovered that the Big Kid Booster Car Seat was not fit for its ordinary purpose and did not conform to the quality previously represented. Williams, Howland, and the California Class members would not have purchased Big Kid Booster Car Seats if they knew about the misrepresentations described above. Accordingly, they did not receive the benefit of their bargain in purchasing these products.

110.    As a direct and proximate result of Evenflo's breach of implied warranties of merchantability in violation of Cal. Com. Code § 2314, Williams, Howland, and the other California Class members have been damaged in an amount to be determined at trial.

111.    Williams, Howland, and the California Class did not need to send notice to Evenflo of its breaches of its implied warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

**SIXTH CLAIM FOR RELIEF**
**Violations of the Michigan Consumer Protection Act**
**Mich. Comp. Laws §§ 445.901,** *et seq.*
*On Behalf of Plaintiff Holliday and the Michigan Class*

112.    Holliday, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

113.    Holliday brings this claim individually and on behalf of the Michigan Class against Evenflo.

114.    Holliday has standing to pursue this claim because she suffered injury in fact and lost money or property as a result of Evenflo's actions as described above. All members of the Michigan Class have incurred actual damages because had they known the truth about the Big Kid Booster Car Seats, they would not have purchased them or paid as much for these products.

115.    Holliday and the Michigan Class members are "person[s]" within the meaning of the Mich. Comp. Laws § 445.902(1)(d).

116.    At all relevant times, Evenflo was a "person" engaged in "trade or commerce" within the meaning of the Mich. Comp. Laws §§f 445.902(1)(d) and (g).

117.    The Michigan Consumer Protection Act ("Michigan CPA") prohibits ""[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce ...." Mich. Comp. Laws § 445.903(1). Evenflo engaged in unfair, unconscionable, or deceptive methods, acts or practices prohibited by the Michigan CPA, including: "(c) Representing that goods or services have ... characteristics ... that they do not have ....;" "(e) Representing that goods or services are of a particular standard ... if they are of another;" "(i) Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;" "(s) Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer;" "(bb) Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is;" and "(cc) Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner." Mich. Comp. Laws § 445.903(1).

118.    In the course of its business, Evenflo concealed, suppressed, and misrepresented material facts concerning the Big Kid Booster Car Seats, in violation of Mich. Comp. Laws § 445.903(1). It did so by representing that the Big Kid Booster Car Seats were suitable for children weighing as little as 30 pounds and that the products were "side impact tested" and provided side-impact collision protection—but concealing that the Big Kid Booster Car Seats were unsafe for any purpose for children weighing less than 40 pounds and that Evenflo's internal tests showed that a child in its Big Kid Booster Car Seats could be in grave danger in such a crash. Evenflo's representations and omissions were material because they were likely to deceive reasonable consumers. Evenflo knew these statements were false and misleading at the time of sale. Evenflo acquired additional information concerning the Big Kid Booster Car Seats'

safety attributes and suitability for use for children weighing less than 40 pounds after these products were sold but continued to conceal such information.

119.    Evenflo's actions as alleged were further "unfair" and "deceptive" because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Evenflo's customers. The harm caused by Evenflo's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Holliday and the Michigan Class. Evenflo could and should have chosen one of many reasonably available alternatives, including not selling the Big Kid Booster Car Seats, disclosing to prospective buyers that these products were not suitable for use by children weighing less than 40 pounds for any purpose and that Evenflo's own testing showed that child in the Big Kid Booster Car Seats could be in grave danger in a side-impact collision, and/or not representing that the Big Kid Booster Car Seats were suitable for consumer use. Additionally, Evenflo's conduct was "unfair" because it violated the legislatively declared policies reflected by Michigan's strong consumer warranty laws.

120.    As a result of Evenflo's conduct in violation of Mich. Comp. Laws § 445.903(1), Holliday and the Michigan Class received an inferior product to the product which they were promised. Had Evenflo disclosed the aforementioned material facts concerning the Big Kid Booster Car Seat, Holliday and the Michigan Class would not have purchased these products or would have paid substantially less.

121.    Evenflo owed Holliday and the Michigan Class a duty to disclose the true nature of the Big Kid Booster Car Seats because Evenflo: (a) possessed exclusive knowledge about the Big Kid Booster Car Seats' true nature; (b) intentionally concealed the foregoing from Holliday and the Michigan Class; and (c) made incomplete representations about side-impact collision

protection the Big Kid Booster Car Seats provided and these products' suitability for children weighing less than 40 pounds, while purposefully withholding material facts from Holliday and the Michigan Class that contradicted these representations.

122.    Evenflo acted intentionally, knowingly, and maliciously to violate the Michigan CPA, and recklessly disregard Holliday's and the Michigan Class members' rights. Evenflo's knowledge of the Big Kid Booster Car Seats' internal safety crash test results put it on notice that these booster seats were not as advertised.

123.    As a direct and proximate result of Evenflo's violations of the Michigan CPA, Holliday and the Michigan Class members have suffered injury-in-fact and/or actual damage.

124.    Evenflo's wrongful conduct constitutes a continuing course of unfair practices because Evenflo continues to represent that the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds and that the products are "side impact tested" and provide side-impact collision protection. Evenflo's violations present a continuing risk to Holliday, the Michigan Class members, as well as the general public. Evenflo's unlawful acts and practices complained of herein affect the public interest. Holliday and the Michigan Class therefore seek injunctive and equitable relief to remedy Evenflo's deceptive marketing, advertising, and packaging and to recall all Big Kid Booster Car Seats.

125.    Holliday and the Michigan Class further seek monetary damages against Evenflo, measured as the greater of (a) actual damages in an amount to be determined at trial, and (b) statutory damages in the amount of $250 for Holliday and each Michigan Class member, in addition to reasonable attorneys' fees and any other just and proper relief available under Mich. Comp. Laws § 445.911.

126.    Holliday and the Michigan Class members also seek punitive damages against Evenflo because Evenflo's conduct evidences an extreme deviation from reasonable standards. Evenflo flagrantly, maliciously, and fraudulently misrepresented safety issues associated with using its Big Kid Booster Car Seats, deceived Michigan Class members, and concealed material facts that only it knew—all in the pursuit of higher profits. Evenflo's conduct constitutes malice, oppression, and fraud warranting punitive damages.

**SEVENTH CLAIM FOR RELIEF**
**Breach of Express Warranties**
**Mich. Comp. Laws § 440.2313**
***On Behalf of Plaintiff Holliday and the Michigan Class***

127.    Holliday, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

128.    Holliday brings this claim individually and on behalf of the Michigan Class against Evenflo.

129.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under Mich. Comp. Laws § 440.2104(1) and a "seller" of such car seats under Mich. Comp. Laws § 440.2103(1)(c).

130.    The Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of Mich. Comp. Laws § 440.2105(1).

131.    Evenflo expressly warrants and represents in its marketing, specifications, and informational materials that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government

standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

132.    These material warranties and representations formed a basis of the bargain that was breached when Holliday and the Michigan Class members purchased Evenflo's Big Kid Booster Car Seats.

133.    In fact, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

134.    As a direct and proximate result of Evenflo's breach of express warranties in violation of Mich. Comp. Laws § 440.2313, Holliday and the other Michigan Class members have been damaged in an amount to be determined at trial.

135.    Holliday and the Michigan Class did not need to send notice to Evenflo of its breaches of its express warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

**EIGHTH CLAIM FOR RELIEF**
**Breach of Implied Warranty of Merchantability**
**Mich. Comp. Laws § 440.2314**
***On Behalf of Plaintiff Holliday and the Michigan Class***

136.    Holliday, individually and on behalf of the Michigan Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

137.    Holliday brings this claim individually and on behalf of the Michigan Class against Evenflo.

138.    Evenflo is and was at all relevant times a "merchant" with respect to children's car seats under Mich. Comp. Laws § 440.2104(1) and a "seller" of such car seats under Mich. Comp. Laws § 440.2103(1)(c).

139.    The Evenflo Big Kid Booster Car Seats are and were at all relevant times "goods" within the meaning of Mich. Comp. Laws §§ 440.2105(1).

140.    A warranty that the Evenflo Big Kid Booster Car Seats were in merchantable condition and fit for the ordinary purpose for which children's car seats are used is implied by law pursuant to Mich. Comp. Laws §§ 440.2314. Evenflo's implied warranties included that: (i) the Big Kid Booster Car Seats are suitable for children weighing as little as 30 pounds; (ii) the Big Kid Booster Car Seats are "side-impact tested" and that they provide side-impact protection; (iii) its "rigorous test simulates the government side-impact tests conducted for automobiles" and that its tests even "go beyond the current government standards"; and (iv) using a Big Kid Booster Car Seat is "the best way to minimize injuries to your child."

141.    The Big Kid Booster Car Seats, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which children's car safety seats are used. Specifically, the Big Kid Booster Car Seats do not function properly as a booster seat and are not safe for use, are not suitable for children weighing as little as 30 pounds, do not pass any side-impact testing and do not provide adequate side-impact protection, are not "the best way to minimize injuries" to users' children, and do not otherwise perform as promised or conform to Evenflo's affirmations and promises described above.

142.    Prior to purchase, Holliday and Michigan Class members could not have discovered that the Big Kid Booster Car Seat was not fit for its ordinary purpose and did not conform to the quality previously represented. Holliday and the Michigan Class members would

not have purchased Big Kid Booster Car Seats if they knew about the misrepresentations described above. Accordingly, they did not receive the benefit of their bargain in purchasing these products.

143.    As a direct and proximate result of Evenflo's breach of implied warranties of merchantability in violation of Mich. Comp. Laws §§ 440.2314, Holliday and the other Michigan Class members have been damaged in an amount to be determined at trial.

144.    Holliday and the Michigan Class did not need to send notice to Evenflo of its breaches of its implied warranties because Evenflo was already on notice of the defects alleged herein. Additionally, Evenflo is already facing similar lawsuits for the conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Williams, Howland, and Holliday, on behalf of themselves and the California Class, California Subclass, and Michigan Class request that the Court order the following relief and enter judgment against Evenflo as follows:

A.    an order certifying the proposed California Class, California Subclass, and Michigan Class under Fed. R. Civ. Proc. 23 and appointing Williams, Howland, and Holliday and their counsel to represent the classes;

B.    a declaration that Evenflo engaged in the illegal conduct alleged herein in violation of Cal. Civ. Code §§ 1750, *et seq.*, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, Cal. Com. Code §§ 2313 and 2314; Mich. Comp. Laws §§ 445.901, *et seq.*; and Mich. Comp. Laws §§ 440.2313 and 440.2314;

C.      a declaration that Evenflo's failure to disclose the dangers of the Big Kid Booster Car Seats and affirmative misrepresentations regarding the Big Kid Booster Car Seats' safety were unfair, deceptive, fraudulent, wrongful, and unlawful;

D.      a declaration that Evenflo breached express and implied warranties made to Williams, Howland, Holliday, and the California Class and Michigan Class;

E.      an order that Evenflo be permanently enjoined from its illegal and improper activities and conduct described herein;

F.      a judgment awarding Williams, Howland, Holliday, and the California Class and Michigan Class restitution and disgorgement of all compensation and ill-gotten gains obtained by Evenflo from its wrongful conduct;

G.      a judgment awarding Williams, Howland, Holliday, and the California Class and Michigan Class monetary relief, including actual, compensatory, statutory, exemplary, treble, and punitive damages, as permitted, in an amount to be determined at trial;

H.      prejudgment and post-judgment interest at the maximum allowable rate permitted by law;

I.      an order awarding Williams, Howland, Holliday, and the California Class, California Subclass, and Michigan Class reasonable litigation expenses, costs, and attorneys' fees;

J.      a permanent injunction requiring Evenflo to: (i) recall all Big Kid Booster Car Seats still in use; (ii) cease selling Big Kid Booster Car Seats as currently designed or stop labeling, marketing, promoting, and advertising these products as suitable for children weighing less than 40 pounds and otherwise engaging in the

41

deceptive misrepresentations and omissions alleged herein; and (iii) add prominent and clear labeling and other suitable disclosures to all future Big Kid Booster Car Seats models warning consumers of the continuing dangers associated with their use;

K.    an order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Williams, Howland, Holliday, and the California Class, California Subclass, and Michigan Class; and

L.    an order awarding such other and further relief as the Court deems necessary, just, and proper.

**DEMAND FOR JURY TRIAL**

Williams, Howland, and Holliday demand a trial by jury for all claims and issues so triable.

Dated: March 12, 2020                         By their attorneys,

                                              */s/ Ian J. McLoughlin*
                                              Edward F. Haber (BBO# 215620)
                                              Ian J. McLoughlin (BBO# 647203)
                                              Adam M. Stewart (BBO# 661090)
                                              **Shapiro Haber & Urmy LLP**
                                              Seaport East
                                              Two Seaport Lane
                                              Boston, MA 02210
                                              Telephone:    (617) 439-3939
                                              Facsimile:    (617) 439-0134
                                              ehaber@shulaw.com
                                              imcloughlin@shulaw.com
                                              astewart@shulaw.com

                                              Robert C. Schubert (BBO# 562242))
                                              **Schubert Jonckheer & Kolbe LLP**
                                              3 Embarcadero Center, Suite 1650
                                              San Francisco, CA 94111

Telephone:     (415) 788-4220
Facsimile:     (415) 788-0161
rschubert@sjk.law

***Counsel for Plaintiffs Desinae Williams, Elise Howland, and Theresa Holliday and the Putative Classes***